# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 14-CR-10304-DPW
28 Francis Drive, Apartment 11, Randolph, MA 02368 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

28 Francis Drive, Apartment 11, Randolph, MA 02368, as more particularly described in Attachment A-3 hereto

located in the _____ District of _____Massachusetts_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. secs 841(a)(1); 846 | Narcotics trafficking/conspiracy |
| 18 U.S.C. sec 1956 and 1957 | Money Laundering |
| 31 U.S.C. sec 5324(a)(3) | Structuring |

The application is based on these facts:

See Attached Affidavit of Special Agent Richard Atwood.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Richard Atwood, Special Agent DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: NOV - 5 2014

*Judge's signature*

City and state: Boston, MA             Hon. Robert B. Collings, United States Magistrate Judge
*Printed name and title*

ATTACHMENT A-3

(Description of premises to be searched)

The premises located at 28 Francis Drive, apartment 11, Randolph, Massachusetts, is located in a three story brick building with a concreate porch attached to the front and rear entry doors. The entry door has the number "28" affixed to the top of the door. Apartment 11 is on the third floor and the apartment door is green in color and has the number "11" affixed to the door on a white plate. The apartment's windows face Main Street.







ATTACHMENT B

(Items to be seized)

1. FINANCIAL RECORDS: All financial records from January 1, 2009 to the present of or relating to Michael GORDON, Andrean JAGGON, Dagoberto OLEA a.k.a. Dagoberto Abad OLEA Lopez, Daphne JEAN, Veneta ROWE a.k.a. Veneta MORRIS a.k.a. Veneta MORRIS-ROWE, Steve GORDON a.k.a. Steve K. GORDON a.k.a. Steven GORDON, Monique GORDON a.k.a. TERRELONGE, Mike's Auto Sales and Repair, the GLENFORD FAMILY TRUST, LLC, the CAMMILA FAMILY TRUST, LLC, MYSTIQUE INSURANCE GROUP LLC, MONIQUE GORDON INC., STEVE GORDON LLC, MYSTIQUE REALTY, INC., MYSTIQUE REALTY GROUP LLC, MYSTIQUE HOMES INC, DREAMWORKS MORTGAGE LLC, and their nominees, assignees, or co-conspirators, including but not limited to financial statements, balance sheets, income statements, cash flow statements, ledgers, journals, accounts receivable, accounts payable, leases, bank statements, deposit tickets, deposit items, checks, checkbooks, check registers, passbooks, money orders, cashier's checks, official checks, bank drafts, wire transfer instructions and receipts, withdrawal slips, credit memos, debit memos, signature cards, account applications, automatic teller machine receipts, safe deposit box applications, safe deposit box keys, credit card statements, charge slips, receipts brokerage statements, buy and sell orders and other items evidencing the obtaining, secreting, transfer, or concealment of assets and the obtaining, secreting, transfer, concealment, or expenditure of money.

2. REAL ESTATE RECORDS: All real estate records from January 1, 2009 to the present reflecting real estate purchased, sold, under contract or consideration to purchase by Michael GORDON, Andrean JAGGON, Dagoberto OLEA a.k.a. Dagoberto Abad OLEA Lopez,

Daphne JEAN, Veneta ROWE a.k.a. Veneta MORRIS a.k.a. Veneta MORRIS-ROWE, Steve GORDON a.k.a. Steve K. GORDON a.k.a. Steven GORDON, Monique GORDON a.k.a. TERRELONGE, Mike's Auto Sales and Repair, the GLENFORD FAMILY TRUST, LLC, the CAMMILA FAMILY TRUST, LLC, MYSTIQUE INSURANCE GROUP LLC, MONIQUE GORDON INC., STEVE GORDON LLC, MYSTIQUE REALTY, INC., MYSTIQUE REALTY GROUP LLC, MYSTIQUE HOMES INC, DREAMWORKS MORTGAGE LLC, and their nominees, assignees, or co-conspirators, including but not limited to loan applications, notes, mortgages, warranty deeds, trust deeds, contracts, agreements to purchase, real estate settlement sheets, appraisals, closing documents, or promissory notes.

3. All records from January 1, 2009 to the present reflecting the purchase, sale, lease, rental, or acquisition of a lien or ownership interest in 11561 NW 36th Street, Coral Springs, Florida; 5665 NW 88th Terrace, Coral Springs, Florida; 1565 SW Paar Drive, Port St. Lucie, Florida; 4 Garden Street, Randolph, Massachusetts; 28 Francis Drive, Apartment 11, Randolph, MA 02368; 5300 Washington Street, Apt 67, West Roxbury, Massachusetts; 99 Florence Street, Apt. 506, Malden, Massachusetts; 3807 Stearns Hill Road, Waltham, Massachusetts; 250 Engamore Lane, apartment 106, Norwood, Massachusetts; 103 Hart Street, BLD-5, Apt 106, Taunton, MA; 805 North Street, Randolph, MA 02368, Public Storage, Unit #556; 1440 Coral Ridge Drive, B313, Coral Springs, FL 33071; and 12121 NW 23rd Manor, Coral Springs, Florida; including but not limited to loan applications, notes, mortgages, warranty deeds, trust deeds, contracts, agreements to purchase, real estate settlement sheets, appraisals, closing documents, promissory notes, lease agreements, and financial documents (including but not limited to personal checks, bank checks, cashiers checks, money orders, wire transfers, and bank statements) evidencing the payment of earnest money, down payments, mortgage

payments, rental payments, lease payments, or other payments related to the purchase or rental of said properties.

4. Items showing unexplained wealth or evidencing the proceeds derived from illicit drug trafficking, including but not limited to large sums of money, expensive vehicles, financial instruments, precious metals, jewelry, and real estate, and documents evidencing the procuring or leasing of these items.

5. ADDRESSES AND TELEPHONE NUMBERS: All documents reflecting addresses or telephone numbers of Michael GORDON, Andrean JAGGON, Dagoberto OLEA a.k.a. Dagoberto Abad OLEA Lopez, Daphne JEAN, Veneta ROWE a.k.a. Veneta MORRIS a.k.a. Veneta MORRIS-ROWE, Steve GORDON a.k.a. Steve K. GORDON a.k.a. Steven GORDON, Monique GORDON a.k.a. TERRELONGE, Mike's Auto Sales and Repair, the GLENFORD FAMILY TRUST, LLC, the CAMMILA FAMILY TRUST, LLC, MYSTIQUE INSURANCE GROUP LLC, MONIQUE GORDON INC., or their co conspirators, from January 1, 2009 to the present, and items tending to identify co-conspirators including but not limited to telephone records, telephone books, address books and listings, letters, cables, telegrams, telephone bills, mail, pictures, ledgers, receipts and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in drug trafficking activities, and electronic materials reflecting names, addresses or telephone numbers including cellular telephones and other electronic means of storing such information.

6. TRAVEL DOCUMENTS: All documents evidencing or relating to foreign or domestic travel from January 1, 2009 to the present of Michael GORDON, Andrean JAGGON, Dagoberto OLEA a.k.a. Dagoberto Abad OLEA Lopez, Daphne JEAN, Veneta ROWE a.k.a. Veneta MORRIS a.k.a. Veneta MORRIS-ROWE, Steve GORDON a.k.a. Steve K. GORDON

3

a.k.a. Steven GORDON, Monique GORDON a.k.a. TERRELONGE, or their co conspirators, including but not limited to airline tickets, tickets for other means of transport, credit card receipts, travel vouchers, hotel receipts, restaurant receipts, gas receipts, notes, schedules, other receipts evidencing travel, boarding passes, itineraries, luggage tags and receipts, frequent flyer statements and awards, car rental receipts and statements, photographs of travel locations, maps, written directions to a location, visas, passports, United States and foreign customs declaration receipts and forms.

7. PHOTOGRAPHS: Photographs of the above-named individuals, their co-conspirators or assets.

8. NEGOTIABLE INSTRUMENTS: All negotiable instruments including United States currency if found in aggregate of $5,000 or more, financial instruments, stocks, and bonds.

9. STORAGE UNIT RECORDS: All records reflecting the ownership or control of storage units from January 1, 2009 to the present, including keys, contracts, leases, payments, and inventories.

10. CELL PHONES: All names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of any mobile telephone and described as the mobile telephone's:

    a. Incoming call history;

    b. Outgoing call history;

    c. Missed call history;

    d. Outgoing text messages;

    e. Incoming text messages;

    f. Draft text messages;

4

g. Telephone book;

h. Data screen or file identifying the telephone number associated with the mobile telephone searched;

i. Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;

j. Voicemail;

k. User-entered messages (such as to-do lists);

l. Photographs; and

m. Any passwords used to access the electronic data described above.

It is specifically requested that the searching agents or officers be authorized to answer and record all telephone calls (residential and/or cellular) received at the location to be searched during the execution of the search warrant, to seize any and all answering machines, pagers and cellular phones, of and to record and return any incoming pages or text messages received at the location to be searched during the execution of this search warrant.

11. COMPUTERS AND ELECTRONIC MEDIA: Any and all electronically stored data regarding the evidence sought in categories 1-10 hereof, including any and all electronic devices, media, and/or computer hardware equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data.

a. As used above, the terms records, documents, programs, applications, or materials includes records, documents, programs, applications, or materials created, modified or stored in any form, including electronically.

b. In searching for data capable of being read, stored or interpreted by a

5

computer, law enforcement personnel executing this search warrant will employ the following procedure:

 i. Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

 ii. If the computer personnel determine it is not practical to perform an on-site search of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

 iii. In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

 iv. If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant or is not otherwise legally seizable, the government will return these items within a reasonable period of time not to exceed 60 days from the date of execution of the warrant. If the government needs additional time to determine whether the data falls within any of the items to be seized pursuant to this warrant, it must obtain an extension of the time period from the Court within the original sixty day period.

   c. In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

    i. Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

    ii. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

    iii. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants and Blackberry devices;

    iv. Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software.

    v. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

    vi. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

    vii. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

 12. Articles of personal property tending to establish the identity of person in control

7

of the premises searched, including but not limited to personal identification papers, utility bills, telephone bills, leases, rental agreements, rent receipts, mail, photographs, and keys.

13. Books, records, receipts, notes, identification documents, and other items evidencing or relating to the acquisition or use of alias identities.