UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>(1) MICHAEL GORDON  )<br>     Defendant.  ) | Criminal No. 14-10304-DPW |

**AMENDED FINAL ORDER OF FORFEITURE
FOR DIRECT AND SUBSTITUTE ASSETS**

**WOODLOCK, S.D.J.**

WHEREAS, on September 23, 2015, a federal grand jury sitting in the District of Massachusetts returned a fourteen-count Superseding Indictment, charging defendant Michael Gordon (the "Defendant"), and others with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two); Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts Three through Six); and Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1957 (Count Seven through Fourteen);

WHEREAS, the Superseding Indictment included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853(a), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  Such property specifically included, without limitation, the following:

   a.   the real property located at 4 Garden Street, Randolph, Massachusetts, including all

  buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 31639, Page 267 at the Norfolk County Registry of Deeds;[1]

 b. the real property located at 11561 NW 36th Street, Coral Springs, Florida, including all buildings, appurtenances and improvements thereon, more particularly described in a Warranty Deed recorded at Book 48668, Page 1908 at the Broward County Registry of Deeds;[2]

 c. the real property located at 5665 NW 88th Terrace, Coral Springs, Florida, including all buildings, appurtenances and improvement thereon, more particularly described in a Warranty Deed recorded at Book 48856, Page 1530 at the Broward County Registry of Deeds;[3]

 d. the real property located at 1565 SW Paar Drive, Port St. Lucie, Florida, including all buildings, appurtenances and improvements thereon, more particularly described in a Quit Claim Deed recorded at Book 3515, Page 284 at the Saint Lucie County Registry of Deeds;[4]

 e. approximately $60,000 in United States currency seized from defendant Michael Gordon at Boston Logan International Airport on or about August 11, 2011;[5]

 f. approximately $273,000 in United States currency seized from 4231 NW 25th Street, Lauderhill, Florida, on or about November 6, 2014;[6]

 g. approximately $37,000 in United States currency seized from 4 Garden Street, Randolph, Massachusetts, on or about November 6, 2014;[7]

---

[1] The corrected legal description for this property is presented below.

[2] The corrected legal description for this property is presented below.

[3] The corrected legal description for this property is presented below.

[4] The United States is not seeking forfeiture of this property because it recognizes the valid interests of a third-party, Steven Gordon.

[5] Pursuant to the Court's Ruling of November 13, 2019, this currency shall remain in an interest bearing account, held by the United States Department of Homeland Security, pending the outcome of the Defendant's appeal to the First Circuit Court of Appeals.

[6] Pursuant to the Court's Ruling of November 13, 2019, this currency shall remain in an interest bearing account, held by the United States Department of Homeland Security, pending the outcome of the Defendant's appeal to the First Circuit Court of Appeals.

[7] Pursuant to the Court's Ruling of November 13, 2019, this currency shall remain in an interest bearing account, held by the United States Department of Homeland Security, pending the

      h.      approximately $23,000 seized from Bank of America account number XXXXX6126, held by the Glenford Family Trust, on or about November 6, 2014;[8]

      i.      an Acura MDX bearing Vehicle Identification Number 2HNYD2H30DH509843, purchased by defendant Michael Gordon on or about November 29, 2012; and

      j.      a money judgment in the amount of approximately $4,000,000 derived by the defendants from the distribution of controlled substances from in or about July 2011 through in or about November 6, 2014

(collectively, the "Properties");

WHEREAS, the Superseding Indictment included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more the offenses alleged in Counts Two through Fourteen of the Superseding Indictment, of any and all property, real or personal, involved in such offense, and any property traceable to such property, and such property included, without limitation, the properties described above;

WHEREAS, the Superseding Indictment further provided notice that, if any of the above-described forfeitable property in paragraphs two and three, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets identified in the Paragraphs above,

---

outcome of the Defendant's appeal to the First Circuit Court of Appeals.

[8] The United States is no longer seeking to forfeit this currency through the criminal action because the Department of Homeland Security forfeited the currency through the administrative forfeiture process.

pursuant to 21 U.S.C. § 853(p), and as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on December 14, 2017, after a ten-day jury trial, a jury found the Defendant guilty of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana (Count One), Conspiracy to Launder Monetary Instruments (Count Two), and substantive Money Laundering violations (Counts Three through Seven, Nine, Eleven, Thirteen, and Fourteen);

WHEREAS, pursuant to Rule 32.2, prior to jury deliberations, the Defendant waived his right to have a jury determine the forfeiture of specific assets;

WHEREAS, on March 27, 2018, a sentencing hearing was held whereby this Court sentenced the Defendant to 15 years incarceration, 5 years supervised release, and ordered the Defendant to pay a $1,100 special assessment;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Properties, pursuant to the terms of the Preliminary Order of Forfeiture of Direct and Substitute Assets;

WHEREAS, also on March 27, 2018, this Court issued a Preliminary Order of Forfeiture of Direct and Substitute Assets against the Properties, and issued an Order of Forfeiture (Money Judgment) against the Defendant in the amount of $5,030,812 in United States currency, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture of Direct and Substitute Assets was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on March 30, 2018 and ending on April 28, 2018;

WHEREAS, on or about April 17, 2018 the United States received a claim for the 11561 NW 36th Street Property, and the 5665 NW 88th Terrace Property from the Broward County Tax

Collector;

WHEREAS, on or about July 11, 2018 the United States received a claim from the Principal Lenders Group, Inc. for the 11561 NW 36th Street Property;

WHEREAS, Settlement Agreements have been reached with the Broward County Tax Collector, and the Principal Lenders Group, Inc.;

WHEREAS, on July 9, 2019, the United States filed a Motion for Final Order of Forfeiture against the Properties;

WHEREAS, on July 25, 2019, the Defendant filed a Motion for Stay of Forfeiture Proceedings Pending Appeal;

WHEREAS, on August 12, 2019, the United States filed its Opposition to the Defendant's Motion for Stay Pending Appeal;

WHEREAS, on November 13, 2019, a hearing was held, and the Court granted in part and denied in part the United States' Motion for Final Order of Forfeiture (Docket No. 562), and ordered that the Defendant's real property and vehicle be forfeited and the currency shall remain in an interest bearing account;

WHEREAS, based on the Court's ruling of November 13, 2019, the below properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982:

    a.    4 Garden Street, Randolph, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described as:

Parcel I: A certain parcel of land with the buildings thereon in Randolph, Norfolk County, Massachusetts, shown on plan of Blue Hill Park, George H. Wetherbee, Civil Engineer, dated June, 1912, recorded with said Deeds, Book 1224, Page 157, and being shown as Lots 183, 184, 185, 186 and the Easterly part of 187. Beginning at the Northeasterly corner of Lot 183, thence running Southwesterly along Garden Street, One hundred (100) feet to a point on Lot 187 five (5) feet distant from the Northwesterly corner of Lot 186; thence turning at right angles and running Southeasterly a distance of Seventy-five (75) feet to a point on Lot 187 five (5) feet distant from the Southwesterly corner of Lot 186; thence turning at right angles and

running Northeasterly one hundred (100) feet to the Northwesterly corner of Lot 183; thence turning at right angles and running seventy-five (75) feet along Hammond Street to the point of beginning.

<u>Parcel II</u>: A certain parcel of land located at the end of Hammond Street, Randolph, Norfolk County, Massachusetts, bounded, described and running as follows: Westerly by land of Angelina Landolfi, one hundred five and 32/100 (105.32) feet; Southerly by land of Pacella Bros., Inc., twenty-five (25) feet; Easterly by land of Pacella Bros., Inc., one hundred five and 92/100 (105.92) feet; Northerly by land of Pacella Bros., Inc., forty-six and 38/100 (46.38) feet. All as shown on Plan No. 32524A3 on file with Land Court Registration Case No. 32524. Containing 11,069 square feet of land, more or less. (Parcels I and II the "4 Garden Street Property");

b. 11561 NW 36th Street, Coral Springs, Florida, including all buildings, appurtenances and improvements thereon, more particularly described as: the following described land, situate, lying and being in Broward County, Florida, to-wit: Lot 4, Block J, Castlewood, as per plat thereof, recorded in Plat Book 71, Page 37 of the Public Records of Broward County, Florida (the "11561 NW 36th Street Property");

c. 5665 NW 88 Terrace, Coral Springs, Florida, including all buildings, appurtenances and improvement thereon, more particularly described as: the following described land, situate, lying and being in the County of Broward, State of Florida, to-wit: Lot 23, Block A, Pine Ridge North, according to the plat thereof as recorded in Plat Book 127, Page 29 of the Public Records of Broward County, Florida (the "5665 NW 88 Terrace Property"); and

d. an Acura MDX bearing Vehicle Identification Number 2HNYD2H30DH509843, purchased by defendant Michael Gordon on or about November 29, 2012

(hereinafter, the "Forfeited Properties"); and

WHEREAS, no other claims of interest in the Forfeited Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for an Amended Final Order of Forfeiture for Direct and Substitute Assets is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or

interest in the Forfeited Properties, and they are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Forfeited Properties are hereby held in default.

4. The United States Department of Homeland Security is hereby authorized to dispose of the Forfeited Properties in accordance with applicable law.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

6. The United States may move for a Final Order of Forfeiture of the Properties named as items e., f., and g. above, upon resolution of the pending appeal and any resulting proceedings.

*/s/ Douglas P. Woodlock*

DOUGLAS P. WOODLOCK
Senior United States District Judge

Dated: May 22, 2020